IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE CREASY, | ) |
| | ) |
|    Plaintiff; | ) |
| | ) |
| v. | )   Civil Case No.: |
| | ) |
| MERRICK GARLAND, | ) |
| ATTORNEY GENERAL, | ) |
| DEPARTMENT OF JUSTICE, | ) |
| U.S. MARSHALS SERVICE, | )   **JURY DEMANDED** |
| | ) |
|    AGENCY. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Stephanie Creasy ("Creasy" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint against the Defendant, Merrick Garland, Attorney General, Department of Justice, United States Marshals Service ("USMS" or "Agency"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3), with such provision made applicable to federal employees by § 2000e-16(d).

2. The unlawful employment practices described herein were committed in Jefferson County, Alabama and, therefore, venue lies in the United States District

1

Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), with such provision made application to federal employees by § 2000e-16(d).

3. This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq.*, as amended by the "Civil Rights Act of 1991," ("Title VII") and 42 U.S.C. § 1981.

## ADMINISTRATIVE EXHAUSTION

4. Plaintiff filed a Formal Equal Employment Opportunity ("EEO") Complaint ("Formal Complaint") with the Equal Employment Opportunity Commission ("EEOC") against the Agency.

5. On September 21, 2021, Plaintiff's Formal Complaint was deemed filed. (See "**Exhibit A**").

6. Plaintiff alleged retaliation and discrimination on the basis of gender.

7. On December 28, 2021, Plaintiff's claims were accepted for investigation.

8. The investigation took place from January 11, 2022-March 8, 2022.

9. Plaintiff requested a Hearing on April 22, 2022.

10. Administrative Judge Russ Parker entered an Order Dismissing Hearing Request on July 20, 2022.

11. On August 29, 2022, the Order became the final action based on Agency's failure to issue a final order.

12. Plaintiff has now filed her Complaint within ninety (90) days from the final action.

13. Thus, Plaintiff has exhausted the administrative process set out in 29 C.F.R. § 1614.

## PARTIES

14. Plaintiff is a citizen of the United States of America, who currently resides in Shelby County, Alabama.

15. Plaintiff is over the age of nineteen (19) years.

16. The Agency is an "executive agency" within the meaning of 42 U.S.C. § 2000e-16(a), as defined in 5 U.S.C. § 105.

17. The Agency was Plaintiff's employer at all times relevant to this Complaint.

18. The Agency employed Plaintiff at its location in Birmingham, Alabama, which is situated in Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

19. Plaintiff is female.

20. The United States Marshals Service hired Creasy on December 12, 1998, in Memphis, Tennessee.

21. Creasy currently holds the position of Deputy Chief of the Technical Operations Group which classifies her as a GS-1811, 14 grade.

22. Plaintiff is highly qualified for her job based on her credentials outstanding reviews.

23. Throughout 2016, Creasy held acting GS-15 positions.

24. In or around March 2017, Creasy was Merit Promoted to the Deputy Assistant Director of Training Division, which is classified as a GS-15 grade.

25. On or around January 4, 2018, Plaintiff was promoted to the Acting Assistant Director of Training Division.

26. During this time, Chief Ergas of USMS initiated an internal affairs investigation against Creasy which ultimately revealed several false allegations against Plaintiff.

27. On May 14, 2019, Plaintiff interviewed with Nelson Hackmaster, Holley O'Brien and Katherine Mohan for the Assistant Director of Training Division position.

28. But, on May 29, 2019, Creasy learned that a substantially less qualified male, Roberto Robinson ("Robinson"), received the Assistant Director of Training Division position.

29. Nevertheless, on August 7, 2019, Plaintiff applied for a Merit Promotion position, Chief of Technical Operations Group, classified as GS-15.

30. Although Plaintiff was a better qualified candidate due to her extensive experience and educational background, the Agency promoted a lesser qualified GS-14 male to the position.

31. On or about July 7, 2019, Creasy applied for an operational Assistant Director position with the United States Marshals Service.

32. At the close of this announcement in July 2019, two (2) Assistant Director positions were vacant – Tactical Operations Division and Prisoner Operations Division.

33. In August 2019, John Bolen, the Assistant Director of Professional Responsibility ("AD of OPR") announced his retirement creating a third vacated Assistant Director position.

34. Plaintiff was one of ten (10) candidates, of which four (4) were female, to receive an interview for one of the three positions.

35. An interview was scheduled for Plaintiff on September 11, 2019.

36. Subsequently, once again, Plaintiff found out that she was not selected for any of the three (3) positions open, despite being much better qualified.

37. Indeed, instead of using the job announcement to find a candidate, the Agency selected a substantially less qualified, male, Ron Carter ("Carter") to become the acting AD of OPR.

38. Unbelievably, Carter remained in the positions for over a year without ever being required to compete for Merit Promotion. Despite the fact that a Merit Promotion is usually required after one hundred twenty (120) days.

39. On or around December 22, 2019, it was made known that Andrew Smith ("Smith"), a substantially less qualified male, would also become an Assistant Director.

40. Once again, on or around January 10, 2019, it became known that John Sheehan ("Sheehan"), a substantially less qualified male, filled the Assistant Director of Prisoner Operations Division ("AD of POD").

41. On February 10, 2020, Roberto Robinson ("Robinson"), another substantially less qualified male, was promoted to Associate Director for Administration ("ADA").

42. Plaintiff was still acting as Assistant Director of the Training Division.

43. However, on February 14, 2020, it became known that Brent Broshow ("Broshow"), a substantially less qualified male, would fill the third vacant Assistant Director position, but not in the Office of Professional Responsibility, instead to replace Plaintiff and become the Assistant Director of Training Division.

44. During Plaintiff's eighteen (18) months as the Acting Assistant Director, she was rated as outstanding and even given a bonus.

6

45. In June 2020, Plaintiff was reassigned from Deputy Assistant Director of the Training Division as a GS-15 to a GS-14.

46. Plaintiff received the demotion but was assured by Deputy Director Derrick Driscoll that she would be elevated to a GS-15 position.

47. On November 24, 2020, an announcement was posted on the USA Jobs website for an Assistant Director of Law Enforcement position (ST-10962950-21-SP).

48. The announcement advised that the incumbent would serve for one (1) of the USMS divisions, as stated in the announcement.

49. Importantly, more than one (1) position may be filled from the vacancy.

50. The Agency interviewed Plaintiff on February 21, 2021.

51. On March 5, 2021, Plaintiff received a request for references which indicates that the Agency has deemed Plaintiff to be a top candidate for the position.

52. Two (2) of Plaintiff's substantially less qualified male counterparts, Mark Pittella and Tim Hughes, were also among the top candidates.

53. On March 11, 2021, the Agency announced another Assistant Director job position, identified as ST-11056228-21-SP.

54. Plaintiff applied for this position as well.

55. On March 16, 2021, Plaintiff engaged in protected activity by contacting the EEO to file a complaint of sex discrimination against the Agency.

56. On April 13, 2021, Plaintiff received a Notice of Referral advising her that she was eligible for the ST-11056228-21-SP Assistant Director position.

57. The Agency informed Plaintiff, on May 11, 2021, that she was not ranked among the best qualified candidates for the ST-11056228-21-SP position.

58. Plaintiff has all the credentials and is undoubtedly a qualified candidate for the position.

59. However, Plaintiff's engagement in protected activity limited any possibility for Plaintiff to receive a position.

60. Notably, no females were interviewed for this job announcement.

61. Further, a common practice in the Agency is to select candidates from a previous announcement, rather than issuing a new announcement.

62. The leadership deviated from their normal practice in order to ensure that female candidates were not being selected.

63. Importantly, Plaintiff knows of five (5) males who interviewed for the second Assistant Director position.

64. On June 7, 2021, Plaintiff received a Notice of Referral for Vacancy Announcement Number ST-10962950-21-SP, stating that she was among the best qualified and thus referred to the hiring manager.

65. The same day, however, Plaintiff received a memorandum announcing that the Agency appointed Mark Pittella ("Pittella"), a substantially less qualified

8

male, as Assistant Director of the Witness Security Division (from Announcement ST-10962950-21-SP).

66. On September 10, 2021, Robert Brandt ("Brandt"), a substantially less qualified male, received a position under ST-11056228-21-SP.

67. Since the Agency retaliated against Plaintiff by failing to rank Plaintiff amongst the best qualified candidates for the ST-11056228-21-SP position, she was denied the opportunity to be selected on September 10, 2021.

68. The Agency continues to openly discriminate against Plaintiff and has failed to deliver on their promise to promote Plaintiff back to a GS-15.

69. The Agency also continues to retaliate against Plaintiff by refusing to give her promotion opportunities.

70. Plaintiff has been significantly damaged both financially and emotional due to Defendant's unlawful actions.

**COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

71. Plaintiff is a woman and a member of a protected class.

72. Plaintiff was, and is, a highly qualified employee, able to perform her job duties

73. Throughout 2016, Creasy held acting GS-15 positions.

74. On November 24, 2020, an announcement was posted on the USAJobs website for an Assistant Director of Law Enforcement position (ST-10962950-21-SP).

75. The announcement advised that the incumbent would serve for one of the USMS divisions, as stated in the announcement.

76. More than one position may be filled from the vacancy.

77. The Agency interviewed Plaintiff on February 21, 2021.

78. On March 5, 2021, Plaintiff received a request for references which indicates that the Agency has deemed Plaintiff to be a top candidate for the position.

79. Two (2) of Plaintiff's substantially less qualified male counterparts, Mark Pittella and Tim Hughes, were also among the top candidates.

80. On March 11, 2021, the Agency announced another Assistant Director job position, identified as ST-11056228-21-SP.

81. Plaintiff applied for this position as well.

82. On April 13, 2021, Plaintiff received a Notice of Referral advising her that she was eligible for the ST-11056228-21-SP Assistant Director position.

83. The Agency informed Plaintiff on May 11, 2021, that she was not ranked among the best qualified candidates for the ST-11056228-21-SP position.

84. Plaintiff has all the credentials and is a very qualified candidate for the position.

85. Plaintiff discovered that the Agency did not interview any females for this job announcement.

86. Further, a common practice in the Agency is to select candidates from a previous announcement, rather than issuing a new announcement.

87. The leadership deviated from their normal practice in order to ensure that female candidates were not being selected.

88. Importantly, Plaintiff knows of five (5) males who interviewed for the second Assistant Director position.

89. On June 7, 2021, Plaintiff received a Notice of Referral for Vacancy Announcement Number ST-10962950-21-SP, stating that she was amongst the best qualified and thus referred to the hiring manager.

90. The same day, however, Plaintiff received a memorandum announcing that the Agency appointed Mark Pittella ("Pittella"), a substantially less qualified male, as Assistant Director of the Witness Security Division (from Announcement ST-10962950-21-SP).

91. On September 10, 2021, Robert Brandt ("Brandt"), a substantially less qualified male, received a position under ST-11056228-21-SP.

92. The Agency continues to openly discriminate against Plaintiff and has failed to deliver on their promise to promote Plaintiff back to a GS-15.

93. Defendant did not afford Plaintiff the same opportunity, despite her materially similar position and qualifications.

94. Defendant's decision to refuse Plaintiff's promotion was motivated by her sex.

95. As a result of Defendant's conduct, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

96. Plaintiff engaged in protected activity on March 16, 2021, by engaging the EEO to file a Complaint of Discrimination.

97. Plaintiff reported several employees that have sexually discriminated Plaintiff, including, James Ergas, Matt Hershey, Van Bayless, David Gonzales, Brent Broshow, and Donald Washington.

98. On April 13, 2021, Plaintiff received a Notice of Referral advising her that she was eligible for the ST-11056228-21-SP Assistant Director position.

99. The Agency informed Plaintiff on May 11, 2021, that she was not ranked among the best qualified candidates for the ST-11056228-21-SP position.

100. Plaintiff has all the credentials and is a very qualified candidate for the position.

101. However, Plaintiff's engagement in protected activity limited any possibility for Plaintiff to receive a position.

102. Further, a common practice in the Agency is to select candidates from a previous announcement, rather than issuing a new announcement.

103. The leadership deviated from their normal practice in order to ensure that female candidates were not being selected.

104. Importantly, Plaintiff knows of five (5) males who interviewed for the second Assistant Director position.

105. On June 7, 2021, Plaintiff received a Notice of Referral for Vacancy Announcement Number ST-10962950-21-SP, stating that she was amongst the best qualified and thus referred to the hiring manager.

106. The same day, however, Plaintiff received a memorandum announcing that the Agency appointed Mark Pittella ("Pittella"), a substantially less qualified male, as Assistant Director of the Witness Security Division (from Announcement ST-10962950-21-SP).

107. On September 10, 2021, Robert Brandt ("Brandt"), a substantially less qualified male, received a position under ST-11056228-21-SP.

108. Since the Agency retaliated against Plaintiff by failing to rank Plaintiff amongst the best qualified candidates for the ST-11056228-21-SP position, she was neglected the opportunity to be selected on September 10, 2021.

109. The Agency also continues to retaliate against Plaintiff by refusing to give her promotion opportunities.

110. As a result of the Agency's conduct, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. Back pay for lost income and any other compensatory damages;

B. Reinstatement or front pay if the Court determines reinstatement is impractical;

C. Liquidated damages equal to the amount of back pay;

D. A reasonable attorneys' fees;

E. Plaintiff's costs and expenses;

F. Interest on all monies owed; and

G. Any and all other relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on this the 28th day of November 2022.

/s *Anthony D. Michel*
Anthony D. Michel (ASB-6809-O64M)
*Attorney for Plaintiff*

Michel | King
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Telephone: (205) 980-5700
Facsimile:  (205) 994-2819
Anthony@wmalabamalaw.com

**DEFENDANT WILL BE SERVED VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

United States Marshals Services
524 Liberty Parkway
Birmingham, Alabama 35243

Civil Division
Process Clerk
United States Attorney's Office
1801 4th Avenue North
Birmingham, Alabama 35203

United States Department of Justice
United States Marshals Services
241 18th Street South
Arlington, Virginia 22202

Assistant Attorney General of Administration
U.S. Department of Justice
Justice Management Division
950 Pennsylvania Avenue, NW Room 1111
Washington, DC 20530

Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

         Respectfully submitted,

          /s *Anthony D. Michel*
         *Attorney for Plaintiff*